**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10119 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00220-JMS-2 |
| v. | |
| MARIO CESAR TORRES, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief District Judge, Presiding

Submitted February 10, 2016**
Honolulu, Hawaii

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Defendant-Appellant Mario Torres appeals his convictions following a jury

trial for conspiracy to distribute 50 grams or more of methamphetamine, 21 U.S.C.

§§ 846, 841(a)(1), 841(b)(1)(A), and distribution of 50 grams or more of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

methamphetamine, 21 U.S.C. § 841(a)(1), 841(b)(1)(A).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  We decline to decide Torres's ineffective assistance of counsel claim on direct appeal.  The record on appeal is not "sufficiently developed to permit review and determination of the issue," nor was counsel's "legal representation . . . so inadequate that it obviously denie[d] [Torres] his Sixth Amendment right to counsel." *United States v. Steele*, 733 F.3d 894, 897 (9th Cir. 2013) (citation omitted).  Nothing in this disposition prevents Torres from raising his IAC claim in a 28 U.S.C. § 2255 petition.  *See United States v. Jeronimo*, 398 F.3d 1149, 1156 (9th Cir. 2005) (noting that a "challenge to effectiveness of counsel by way of a habeas corpus proceeding is preferable" (citation and brackets omitted)), *abrogated on other grounds by United States v. Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).

2.  Torres has not established that the prosecutor committed misconduct warranting reversal, particularly on a plain error standard of review.  *See United States v. Reyes*, 660 F.3d 454, 461 (9th Cir. 2011) (noting that plain error review applies where, as here, the defendant "fail[ed] to object to alleged prosecutorial misconduct before the district court").

2

First, the prosecutor did not commit misconduct by displaying telephone summary charts showing Torres as the "called name" associated with prepaid cellular telephones found in Torres's home and car. The inference that Torres used these telephones is reasonably based on the record. *See id.* at 462 (noting that a prosecutor may "ask the jury to draw inferences from the evidence that the prosecutor believes in good faith might be true" (quoting *United States v. Blueford*, 312 F.3d 962, 968 (9th Cir. 2002)).

Second, even if the prosecutor elicited incorrect testimony that Torres was the registered owner of the car he drove to the January 21 drug deal and misstated during closing arguments that Torres "shows up to all these drug deals driving cars registered in his name, using phones subscribed in his name," those errors do not require reversal because Torres has not established prejudice. *See United States v. Smith*, 962 F.2d 923, 935 (9th Cir. 1992) (holding that we "may reverse [a] conviction [under plain error] only if the prosecutor's improper conduct so affected the jury's ability to consider the totality of the evidence fairly that it tainted the verdict and deprived [the defendant] of a fair trial").

3. The record contained sufficient evidence for a rational jury to find that Torres conspired with his co-defendant to distribute 50 grams or more of methamphetamine and knowingly distributed 50 grams or more of

3

methamphetamine on three occasions. *See United States v. Tran*, 568 F.3d 1156, 1164 (9th Cir. 2009) (describing the elements of conspiracy, 21 U.S.C. § 846); *see also United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (discussing the standard of review). This evidence included: (1) testimony from Torres's co-defendant that she and Torres agreed to distribute methamphetamine; (2) telephone record evidence showing a pattern of calls consistent with an agreement to distribute drugs; (3) testimony from the confidential informant to whom Torres delivered the drugs; and (4) testimony from members of an FBI surveillance team who witnessed Torres deliver boxes, later determined to contain methamphetamine, to the confidential informant.

4. Finally, Torres "may move the district court for relief under Amendment 782" to the U.S. Sentencing Guidelines, so we "decline[] to remand the case on those grounds." *See United States v. Boykin*, 785 F.3d 1352, 1364 n.9 (9th Cir.) (citing 18 U.S.C. § 3582(c)(2)), *cert. denied*, 136 S. Ct. 272 (2015).

**AFFIRMED.**